**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 18 2002 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

STANISLAO DiGIOVANNA,

                          Plaintiff,                                    Case No.

                                                                       COMPLAINT

          -against-                                                    JURY DEMAND
                                                                       REQUESTED

NORTH SHORE UNIVERSITY HOSPITAL,                                       CV 02 2329

                          Defendant.                                  PLATT, J.

-------------------------------------------------------------------x   WALL M.J.

          This is a Civil Action for damages brought pursuant to title VII of the Civil Rights

Act of 1965, Section 701, et seq., as amended 42 U.S.C. Section 2000e, et seq.   Jurisdiction is

founded upon 28 U.S.C. § 1331.  Plaintiff further invokes the pendent jurisdiction of this Court to

consider claims arising under state law.  The amount in controversy exceeds $10,000.00 excluding

costs and attorney's fees.

          Plaintiff has complied with all the jurisdictional prerequisites to action under title VII

of the Civil Rights Act of 1964, as follows:

          a.     Commencing April 24, 1999, the Defendant, NORTH SHORE

                 UNIVERSITY HOSPITAL, engaged in employment discrimination

                 consisting of condoning, permitting and refusing to terminate sexual

                 harassment of the Plaintiff by his manager and defendant continued thereafter

                 to permit such harassment to continue without interruption, compelling the

                 Plaintiff to terminate his employment with the Defendant, NORTH SHORE

                 UNIVERSITY HOSPITAL.

          b.     On or about October 29, 2001, the plaintiff initially filed his verified

complaint of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC)".

c.  Thereafter, the Case Control Unit, EEOC Section, forwarded a copy of the complaint of employment discrimination to the EEOC New York district Office.

d.  On or after January 30, 2002, the EEOC notified the plaintiff of the termination of any further processing of this charge of employment discrimination and that plaintiff has the right to institute this action within ninety days of the receipt of the notification.

e.  The plaintiff has filed this action within ninety days of the receipt of her Notice of Right to Sue.

## INTRODUCTION

1.  That at all times hereinafter mentioned, the plaintiff, STANISLAO DiGIOVANNA, was and still is a resident of the County of Nassau.

2.  Upon information and belief, that at all times hereinafter mentioned, the defendant, NORTH SHORE UNIVERSITY HOSPITAL, was and still is a corporation, duly incorporated under the laws of the State of New York and doing business in the State of New York as a hospital.

3.  That the plaintiff, STANLISLAO DiGIOVANNA, was employed by the defendant as a Reimbursement Specialist from April 24, 1999 to July 27, 2001. That plaintiff was assigned by defendant, its agents, servants and/or employees as a manager, one PHILIP BARBARA.

4.  That following the assignment of PHILIP BARBARA as a manager of the plaintiff, said PHILIP BARBARA commenced an immediate and continual course of conduct,

wherein said PHILIP BARBARA sexually harassed the plaintiff.

5.    That the sexual harassment by PHILIP BARBARA was repeated and was designed to compel the plaintiff to submit to his sexual advances, thereby rendering plaintiff's submission to the sexual advances of PHILIP BARBARA a term or condition of his employment.

6.    That the sexual harassment by PHILIP BARBARA of the plaintiff substantially affected the plaintiff's employment and thereafter caused him to terminate same rather than submit to the continual sexual harassment and advances of PHILIP BARBARA.

7.    That following the commencement by PHILIP BARBARA of the numerous acts of sexual harassment, the plaintiff made complaints to the defendant, its agents, servants and/or employees.

8.    That despite the complaints made by the plaintiff, STANISLAO DiGIOVANNA, to the defendant, its agents, servants and/or employees, the defendant, NORTH SHORE UNIVERSITY HOSPITAL, failed and refused to terminate the course of conduct of PHILIP BARBARA constituting sexual harassment of the plaintiff, thereby condoning such illegal acts and transforming the acceptance of the sexual advances of plaintiff's manager into a condition of plaintiff's continued employment.

### AS AND FOR A FIRST CAUSE OF ACTION

9.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 9, as if set forth in full herein.

10.    Defendant, its agents, servants and/or employees, by their conduct herein alleged, intentionally, willfully and without justification, did deprive the plaintiff of her rights, privileges and immunities secured to her by the Constitution and the laws of the United States, particularly her right to be free from sexual discrimination and harassment and hre rights as provided

by title VII of the Civil Rights Act of 1964, Section 701, et seq, as amended 42 U.S.C. Section 2000e, et seq.

11.     The plaintiff has suffered damages in the amount of $1,000,000.00 for lost wages, loss of retirement benefits and any and all compensatory and punitive damages by law made and provided includes the assessment of legal fee..

### AS AND FOR A SECOND CAUSE OF ACTION

12.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 11, as if set forth in full herein.

13.     Defendant intended, by sexually harassing Plaintiff, to cause him to suffer severe mental and emotional distress.

14.     Because of the Defendant's harassment of the Plaintiff, Plaintiff suffered severe mental and emotional distress.

15.     Plaintiff objected to the conduct and complained of it to his supervisor and to human resources.

16.     Because of the aforementioned complaints Defendant had knowledge of the acts causing Plaintiff mental and emotional distress, but refused to take corrective or remedial action.

17.     Defendant therefore acquiesced in the conduct of its subordinates causing Plaintiff severe mental and emotional distress.

18.     The plaintiff demands damages in the amount of $500,000.00 for such intentional inflection of sever mental and emotional distress..

### AS AND FOR A THIRD CAUSE OF ACTION

19.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 18, as if set forth in full herein.

20.     Defendant, by failing to prevent the continued sexual harassment of the Plaintiff, negligently caused the Plaintiff to suffer mental and emotional distress.

21.     Because of the Defendant's harassment of the Plaintiff suffered severe mental and emotional distress.

22.     Plaintiff objected to the conduct and complained of it to his supervisor and to human resources.

23.     Because of the aforementioned complaints Defendant should have had knowledge of the acts causing Plaintiff mental and emotional distress.

24.     Defendant therefore acquiesced in the conduct of its subordinate causing Plaintiff severe mental and emotional distress.

25.     Defendant demands damages in the sum of $500,000.00 for such negligent infliction of severe mental and emotional distress.

## RELIEF SOUGHT

WHEREFORE, plaintiff demands the following relief against the defendant:

A.     Compensatory damages in the sum of $1,000,000.00 for the first cause of action;

B.     Compensatory damages in the sum of $500,000.00 for the second cause of action;

C.     Compensatory damages in the sum of $500,000.00 for the third cause of action;

D.     Punitive damages in the sum of $1,000,000.00;

E.     Reasonable counsel fees, together with costs and disbursements; and

F.     For such other and further relief as to this Court may seem just and proper

under the circumstances.

Dated: Carle Place, New York
       April 11,  2002

FEDER,  GOLDSTEIN,   TANENBAUM   &
D'ERRICO, LLP

By: _____ (0852)
        Ted J. Tanenbaum
Attorneys for Plaintiff
One Old Country Road
Carle Place, New York 11514
(516) 873-0011